IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CURTIS MIDDLEBROOKS,<br><br>                  Plaintiff<br><br>      VS.<br><br>JOANNE B. BARNHART,<br>S.S. Commissioner,<br><br>                  Defendant | NO. 5:05-CV-304 (DF)<br><br>SOCIAL SECURITY APPEAL |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g).

**Procedural History**

In January, 1999 and March, 2000, plaintiff MIDDLEBROOKS filed applications for Disability Insurance Benefits and Period of Disability. He alleged disability commencing on December 22, 1998 due to a degenerative condition in his cervical spice and lower back pain. The applications were denied initially, denied again upon rehearing, and denied again by an administrative law judge (ALJ). In July, 2001, the Appeals Council denied plaintiff's request for reviews of both ALJ decisions. The plaintiff appealed that decision to this district court which remanded the case due to the Commissioner's filing a motion to voluntarily remand. Following another hearing, the ALJ again denied the plaintiff's claim in April of 2004, and the ALJ's decision was upheld by the Appeals Council two months later. This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by utilizing a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id.*

## DISCUSSION

Doctor John Dorchak of the Hughston Clinic diagnosed the plaintiff with "advanced degenerative disc disease involving all of his cervical discs" (Tr. 230). On the same page, Dr. Dorchak noted that because the plaintiff "is responding to conservative measures, I would recommend that he continue taking" his current prescription. *Id.* In the ALJ's ruling, he states that "[i]f the claimant had 'advanced' cervical spondylosis, he would require more than 'conservative' treatment." The ALJ cites that statement to the record, but a review of the citation finds only that Dr. Dorchak stated that the plaintiff had an advanced disease and that he was responding to conservative treatment. There is no evidence, medical or otherwise, in the record that supports the ALJ's conclusion. Apparently the ALJ took the word advanced to mean "beyond conservative remedy," when the word actually means, according to Meriam-Webster, "far along in time or course." Three times in his ruling the ALJ mentions what he thinks is an inherent contradiction in recommending conservative treatment for an advanced disease (Tr. 377-78).

Because of what the ALJ termed "inconsistent" opinions of treating physician Dr. Dorchak, the ALJ did not afford the doctor's opinions controlling weight. *Id.* at 378. "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997). While the ALJ clearly articulated his reasons for discounting the opinion of Dr. Dorchak, one of those reasons is unfounded. As such, the ALJ used an incorrect standard necessitating remand.

Accordingly, IT IS RECOMMENDED that this mater be REMANDED for further proceedings consistent with the opinion expressed herein.[2]  Pursuant to 28 U.S.C. §636(b)(1), the parties may file written objections to this RECOMMENDATION with the Clerk of court directed to the district judge assigned to this case, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND DIRECTED, this 13th day of APRIL, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] It is the opinion of the undersigned that the Administrative Law Judge whose ruling denied the claimant benefits in this case may retain his distrust of Dr. Dorchak and/or the claimant. Therefore, it is recommended that further proceedings on remand be referred to another Administrative Law Judge.