IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CURTIS MIDDLEBROOKS,** : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | 5:05-CV-304 (DF) |
| : | |
| **JO ANNE B. BARNHART,** : | |
| **Commissioner of Social Security,** : | |
| : | |
| Defendant. : | |

_____

## ORDER

Plaintiff Curtis Middlebrooks filed an application for disability benefits under the Social Security Act, 42 U.S.C. § 423 (2000). After various stages of review, his application was ultimately denied by an administrative law judge (ALJ). Contending that the ALJ improperly discounted the medical opinion of his treating physician, Plaintiff now seeks relief in this Court, asking that his claim be remanded to the Commissioner for further proceedings (doc. 11). After considering Plaintiff's motion, the magistrate judge determined that the ALJ erred and recommended that Plaintiff's claim be remanded. Currently pending before the Court is the magistrate judge's recommendation (doc. 14).

Because the record demonstrates that the ALJ's decision is supported by substantial evidence, the Court declines to adopt the magistrate judge's recommendation and denies Plaintiff's motion for remand.

# I. BACKGROUND

Plaintiff is a married 45-year-old black male who has not worked since December of 1998 because of a degenerative condition in his cervical and lower back pain. Plaintiff, complaining of a several month history of neck pain radiating into his left arm with occasional paresthesias, was first seen by examining physician Norman Donati. Although Plaintiff reported left arm pain, Dr. Donati noted that Plaintiff's bone scan was normal and that he was neurologically intact. (Tr. 378).

Plaintiff was then seen on October 20, 1998 by Dr. M. B. Hendrix of the Hughston Clinic.(Tr. 362). X-rays at the time showed a "rather severe spondylosis for his age." *Id.* On a November 23, 1998 visit, treating physician John Dorchak gave a MRI test which showed that Plaintiff had multilevel disc degeneration along with evidence of stenosis. (Tr. 359).

Plaintiff was also seen by examining physician Jeffrey Fried on June 1, 2000. Dr. Fried, at the request of social security, conducted a consultative orthopedic evaluation. Dr. Fried took x-rays of Plaintiff's neck, which showed severe degenerative changes. (Tr. 344). Dr. Fried's assessment of Plaintiff was that he had "severe degenerative disc disease of the cervical spine." *Id.* Based on the examination, Dr. Fried concluded that Plaintiff's condition would "make it difficult for him to do work involving bending, stooping or climbing." (Tr. 345).

Plaintiff returned to the Hughston Clinic on July 18, 2000. (Tr. 358). At that time, Plaintiff was complaining of pain in his neck, and due to the increased pain, Dr. Dorchak recommended additional diagnostic testing to determine if Plaintiff was a surgical candidate.

*Id.* However, the testing showed no significant neurocompressive disease, and therefore, surgery was not a consideration. *Id.* Instead, Dr. Dorchak recommended continued conservative management of Plaintiff's condition. *Id.*

On October 26, 2001, Plaintiff was physically evaluated by examining physician Joyti Mehta, who referenced the same CT scan and myelogram that Dr. Dorchak noted in his medical records. (Tr. 378). Dr. Mehta found no significant limitations. *Id.* "Plaintiff's grip strength, gait, range of motion, senses, and reflexes were all normal." *Id.* In addition, Dr. Mehta noted that Plaintiff had no difficulty bending forward, standing, or walking during the examination. *Id.*

The ALJ arranged for examining physician R. Kolanu to conduct a neurological consultative examination of Plaintiff on March 9, 2003. (Tr. 429-431). The examination showed significant guarding of back movements. (Tr. 430). However, Dr. Kolanu found no objective evidence of any restriction of movements or neurological deficits. (Tr. 341). Dr. Kolanu also did not assign any limitations for Plaintiff. A medical assessment conducted by Dr. Kolanu found that Plaintiff's impairment did not affect lifting, standing or walking, and walking. (Tr. 434).

Plaintiff went to the Hughston Clinic again on December 10, 2003 for a follow-up. Dr. Dorchak noted that Plaintiff had been unable to work due to "severe, persistent neck pain." (Tr. 519). "X-rays of the cervical spine [showed] multiple level cervical spondylosis with straightening of his normal cervical lordosis and a slight kyphosis." *Id.* Further, the same submission included a visit status report in which Dr. Dorchak recommended work

restrictions consisting of "no work." (Tr. 521).

The ALJ held the most recent hearing on this claim on January 16, 2004. (Tr. 536). At that time, the ALJ permitted the record to remain open to receive updated medical information from the Hughston Clinic. (Tr. 575). The ALJ denied Plaintiff's claim on April 23, 2004 (Tr. 370-384). In that decision, the ALJ found that Plaintiff had severe impairments in the form of degenerative disc disease, scoliosis, and spondylosis. (Tr. 376). The ALJ also found that Plaintiff had the residual functional capacity to perform light work, provided that he avoid climbing ladders, ropes, or scaffolding, and that repetitive gripping with the left hand would be limited. (Tr. 383).

Based on these findings, the ALJ found that Plaintiff could not perform his past work, but could perform certain jobs named by the vocational expert at the hearing. *Id*. Examples of such jobs included work as an apparel stock checker, a routing clerk, or a mail clerk. *Id*. Therefore, the ALJ found that Plaintiff was not disabled and denied his claim. *Id*.

Plaintiff filed written exceptions to the decision with the Appeals Council. The Appeals Council denied Plaintiff's request for relief in a decision on June 23, 2005 (Tr. 364-366). Plaintiff then filed this action again seeking further review of the prior adverse decisions of his claim.

## II. PROCEDURAL HISTORY

Plaintiff filed his initial application for a period of disability and disability insurance benefits on January 27, 1999. (Tr. 114, 254). Plaintiff alleged that he became disabled on December 22, 1998. (Tr.114). After Plaintiff's claim was denied initially and on reconsideration, Plaintiff requested a hearing before an ALJ. An ALJ held a hearing on Plaintiff's claim on January 6, 2000. (Tr. 66). The ALJ denied Plaintiff's claim in a decision dated January 27, 2000. (Tr. 24-35). Plaintiff sought review of that unfavorable decision from the Appeals Council. (Tr. 9).

The Appeals Council denied Plaintiff's subsequent requests for review of both unfavorable hearing decisions on July 27, 2001. (Tr. 4-7). Plaintiff then filed this action in a timely manner seeking a further review of the prior adverse decisions.

In this Court, the Commissioner filed a Motion to voluntarily remand Plaintiff's claim for further development. This Court granted that Motion on August 21, 2002. (Tr. 412-413). Following another hearing on Plaintiff's claim, the ALJ again denied Plaintiff's claim on April 23, 2004. (Tr. 370-384).

Plaintiff then filed this action seeking further review of the prior adverse decisions on his claim.

### III. LEGAL STANDARD

A claimant seeking Social Security disability benefits must demonstrate that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423 (d)(1)(A) (2000).

In order to determine whether a claimant is disabled, a five-step evaluation must be performed by the Commissioner pursuant to 20 C.F.R. §§ 404.1520 and 416.920. Ths five-step evaluation provides in pertinent part:

> (1) If the claimant is performing substantial work, he is not disabled;
>
> (2) If the claimant is not performing substantial gainful work, his impairment must be severe before he can be found disabled;
>
> (3) If the claimant's impairment meets or equals a listed impairment contained in Appendix 1 to Subpart P of Part 404, the claiminat is presumed disabled without further inquiry;
>
> (4) If the claimant's impairment does not prevent him from doing his past relevant work, he is not disabled;
>
> (5) Even if the claimant's impairment prevents him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

This Court's standard of review is limited to determining whether substantial evidence supports the Commissioner's findings and whether the correct legal standards were applied.

42 U.S.C. § 405(g) (2000). "In reviewing claims brought under the Social Security Act, [the court's] role is a limited one. [The court] may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). In other words, even if the evidence preponderates against the decision, this Court must affirm the decision if it is supported by substantial evidence. *Id*.

## IV. DISCUSSION

### A. The ALJ's Five-Step Evaluation of Plaintiff

After conducting the five-step evaluation, the ALJ determined that Plaintiff is not entitled to social security benefits.

Under that evaluation, the first step is whether the claimant is performing substantial work. Substantial work activity involves doing significant physical or mental activities. *See* 20 C.F.R. § 416.972. Gainful work activity is defined as work activity that is done for pay or profit. *Id*. Plaintiff has not engaged in substantial gainful activity since December 11, 1998. (Tr. 264). Therefore, the ALJ continued to the second step.

If the claimant is not performing substantial gainful work, the second step is whether his impairment is so severe that he can be found disabled. A medical impairment is "severe" if it significantly limits an individual's physical or mental ability to do basic work activity. *See* 20 C.F.R. § 404.1521. Based on the testing that showed Plaintiff suffered from degenerative disc disease, scoliosis, and spondylosis, the ALJ concluded that there was a minimal effect on Plaintiff's ability to perform work-related functions. (Tr. 376). Because

these impairments have more than a minimal effect on Plaintiff's ability to perform work-related functions, the ALJ considered them "severe" within the regulatory definition. Thus, the ALJ continued to the third step.

If the claimant's impairment is "severe," the third step is whether the impairment meets or medically equals a listed impairment contained in Appendix 1 to Subpart P of C.F.R. Part 404. If it does, Plaintiff is presumed disabled without further inquiry. The ALJ found that Plaintiff's impairment did not meet or medically equal any of the listed impairments. (Tr. 377). Therefore, the ALJ continued to the fourth step.

The fourth step is whether claimant's impairment prevented him from performing his past relevant work. Based on the Vocational expert's testimony that Plaintiff's residual functional capacity included non-exertional limitations, the ALJ concluded that Plaintiff did not retain the residual functional capacity to perform his past relevant work. (Tr. 381). Therefore, the ALJ continued to the fifth and final step of the five-step evaluation.

Even if a claimant's impairment prevents him from performing his past relevant work, he may still be found not disabled if other work existing in significant numbers in the national economy can accommodate his residual functional capacity and vocational factors. *Id.* It is the burden of the Social Security Administration to show that there is other work in the national economy that a claimant can perform. *Id.* Based on the testimony articulated by the impartial vocational expert, the ALJ determined that there were several jobs in the national and local economy that Plaintiff could still perform, including apparel stock checker, routing clerk, and mail clerk. (Tr. 381-382). Accordingly, based on the five-step evaluation,

the ALJ found that Plaintiff was not disabled and therefore not entitled to benefits under the Social Security Act.

## B. Plaintiff's Argument for Remand

Plaintiff argues his claim should be remanded for further proceedings because the ALJ erred in his assessment of Dr. Dorchak's records and opinions. Plaintiff argues that the ALJ incorrectly discounted the records that revealed Plaintiff's spondylosis was "advanced." As reflected in his records, Dr. Dorchak did not recommend surgery because, even though there was significant spondylosis, it had not yet resulted in nerve root compression. (Tr. 522). Plaintiff argues that "the absence of a recommendation of surgery does mean that a degenerative spinal condition was not severe." *Pl.'s Mot. Remand*, doc. 11, at 12.  Plaintiff also argues that the ALJ incorrectly assessed Dr. Dorchak's recommendation of "no work," which Dr. Dorchak articulated following a December 2003 visit. Finally, Plaintiff argues that the ALJ placed too much emphasis on the results of Dr. Kolanu's one-time consultative examination, which showed that Plaintiff's spinal condition was not that severe. *Pl.'s Mot. Remand*, doc. 11, at 14.

Citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997), the magistrate judge stated in his recommendation that the ALJ incorrectly failed to afford Dr. Dorchak's opinion controlling weight, therefore committing legal error and necessitating a remand for further proceedings. *R & R*, doc. 14, at 3. The magistrate judge concluded that one of the ALJ's stated reasons for discounting the opinion of Dr. Dorchak was unfounded. *Id*. This "unfounded" reason was the ALJ's conclusion that Dr. Dorchak's opinion was inconsistent

with his own medical records because Dr. Dorchak used the word "advanced" to describe a condition for which Plaintiff received only "conservative treatment." *Id.*

The *Lewis* case states that an "ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." 125 F.3d at 1440. A treating physician's opinion may be appropriately discounted for "good cause," and good cause exists where the opinion (1) is not bolstered by the evidence, (2) the evidence supports a contrary finding, or (3) the opinion is conclusory or inconsistent with the physician's own medical records. *Id.* Here, the magistrate judge concluded that the ALJ's reason for discounting Dr. Dorchak's medical opinion—that Dr. Dorchak's opinion was inconsistent with his own medical findings—was unfounded. *R & R*, doc. 14, at 3. However, the magistrate judge failed to address the ALJ's alternative reason for discounting Dr. Dorchak's opinion, which was that Dr. Dorchak's medical opinion was not supported by the objective medical evidence. (Tr. 377).

**C. Support of ALJ's Evaluation**

None of the arguments advanced by Plaintiff justify remanding this case. Plaintiff first argues that the ALJ incorrectly determined that Dr. Dorchak's records contradicted his recommendation that Plaintiff could perform "no work." In making that determination, the ALJ emphasized the fact that Dr. Dorchak regarded Plaintiff's spondylosis as "advanced" yet recommended only "conservative" treatment. However, whether Plaintiff's spondylosis is "advanced" is irrelevant. Instead, what is relevant—in fact the only thing that matters—is whether the condition rendered Plaintiff disabled under the Act. Based on the nature and

10

extent of Plaintiff's impairment, the ALJ concluded that Plaintiff retained residual functional capacity to perform the demands of light exertional work. (Tr. 380). The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's ability to do work despite his or her impairment. *See* 20 C.F.R. § 404.1545(a). There is substantial evidence in the record to demonstrate that Plaintiff failed to show that his spondylosis rendered his unable to work, regardless of whether it was labeled "advanced" or not. So even assuming that the ALJ erroneously concluded that Dr. Dorchak's medical opinion was inconsistent with his own records, Dr. Dorchak's opinion of "no work" is not entitled to controlling weight because it is not supported by objective medical evidence.[1]

**1. Dr. Dorchak's opinion of "no work" is not supported by the evidence because several other physicians noted the Plaintiff had no significant work limitations.**

A treating physician's opinion may be discounted when it is not supported by the evidence. *See Schnorr v. Bowen,* 816 F.2d 578, 581 (11th Cir. 1997). In *Schnorr*, a disability claimant appealed the Secretary's denial of his claim. One of the claimant's treating physicians that examined the claimant opined that the claimant's arthritis and pulmonary impairments were totally disabling. *Id.* The Secretary, however, discounted the opinion. The court held that the Secretary properly discounted the physician's opinion that the claimant was totally disabled. *Id.* The court reasoned that the physician's opinion was not supported by objective medical evidence because test results indicated "mild" obstructive

---

[1] That is, even if the ALJ's stated reason for discounting Dr. Dorchak's medical opinion could be said to be unfounded, any resulting error was harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983); *see also Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

11

pulmonary impairment, which the physician called "significant." *Id.* Thus, where a treating physician's opinion is not supported by the evidence, an ALJ has "good cause" for it giving less weight.

Similarly, in *Daughtry v. Barnhart*, 347 F. Supp. 2d 1135, 1139 (M.D. Ala. 2004), the plaintiff brought action for review of the decision of the Commissioner of Social Security which denied her application. The plaintiff argued that the Commissioner improperly discounted the medical opinion of her treating physician. The court held that the Commissioner did not improperly discount the medical opinion of the plaintiff's treating physician. *Id.* at 1140. The court reasoned that because the record was devoid of clinical findings which supported the physician's conclusions, the physician's opinion was significantly diminished. *Id.*

The facts in *Schnorr* and *Daughtry* are analogous to the facts in this case. Dr. Dorchak's opinion of "no work" is not supported by the evidence because evaluations made by several other examining physicians revealed no findings indicating that Plaintiff's impairment constituted significant work limitations (Tr. 378). One such examining physician, Dr. Mehta, noted Plaintiff had no difficulties bending forward, standing or walking, and that no significant limitations were found. *Id.* In addition, Dr. Donati noted no functional limitations during a visit made by Plaintiff. *Id.*

Another examining physician, Dr. Fried, noted that although Plaintiff suffered from severe degenerative disc disease of the cervical spine, Plaintiff was capable of lifting up to 20 pounds. *Id.* Even though Plaintiff was limited in his ability to perform repetitive gripping

12

movements with his left hand, Dr. Dorchak's opinion of "no work" was not bolstered by the objective medical evidence reflected in the other physicians' findings.

Finally, in addition to arguing that the ALJ improperly discounted Dr. Dorchak's recommendation of "no work," Plaintiff argues that the ALJ placed too much emphasis on Dr. Kolanu's one-time consultative neurological examination. *Pl.'s Mot. Remand*, doc. 11, 14.  However, it is clear from the record that the ALJ properly consulted medical findings from several physicians, and did not place undue reliance on one over another. (Tr. 378).  In other words, other physicians articulated the same results as Dr. Kolanu.  Plaintiff argued that Dr. Kolanu's examination did not reveal a complete picture of Plaintiff's documented spinal problem. But only one physician out of four that examined Plaintiff, Dr. Dorchak, recommended "no work" for Plaintiff.  Drs. Mehta, Donati, and Fried, all found that Plaintiff was able to perform some types of light work.  Thus, substantial record evidence supports the ALJ's finding that Plaintiff's medical condition did not preclude him from performing light work.

Accordingly, the ALJ had "good cause" for discounting Dr. Dorchak's medical opinion. *Lewis*, 125 F.3d at 1440.

## IV. CONCLUSION

For the foregoing reasons, the Court declines to adopt the magistrate judge's recommendation that this case be remanded to the Commissioner for further proceedings. Notwithstanding the inconsistency found to be erroneous by the magistrate judge (between the ALJ's use of the words "advanced" and "conservative"), the ALJ did not improperly

discount Dr. Dorchak's medical opinion, as that opinion is not supported by objective medical evidence in the record. The ALJ's decision to deny Plaintiff's application for benefits is supported by substantial evidence, "such [ ] evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Plaintiff's motion to remand (doc. 11) is hereby **DENIED.**

SO ORDERED, this 27th day of June, 2006.

**/s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/la